598 A.2d 323

**In re Primary Election of 1991 in Franklin Township, Fayette County, Pennsylvania.**

**Appeal of Joseph MARCINEK, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Oct. 3, 1991.

Joseph M. George, for appellant.

Robert L. Webster, Jr., for appellee.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

Joseph Marcinek (Marcinek) appeals from an order of the Court of Common Pleas of Fayette County (common pleas court) which determined that the Board of Elections of Fayette County (Board) properly excluded two absentee ballots. We affirm.

This dispute involves the validity of the absentee ballots of Mark A. Tringes (M. Tringes) and Frank A. Tringes (F. Tringes) cast during the Democratic and Republican primary (Primary) in Fayette County on May 21, 1991. These ballots were received by the local Board of Elections in Franklin Region One and were to be opened immediately after the closing of the polls. After the close of the polls at 8:00 p.m. Melvin E. Lerch, Jr. (Lerch) a watcher for candidate Richard Kieta (Kieta), challenged six (6) absentee ballots. Lerch prepared and filed affidavits to the challenge which contained the reasons[s] for each ballot challenged. The Judge of Elections did not write the word "challenged" on the face of the ballot envelopes nor were the reasons listed. However, the Judge of Elections did return the unopened challenged absentee ballots to the County Election Bureau.

On May 28, 1991, a hearing was held before the Board regarding the six challenges. The Board upheld the challenges to the ballots of M. Tringes and F. Tringes. The election of the Township Supervisor for Franklin Township resulted in a tie and Marcinek appealed the Board's rulings

on the validity of the absentee ballots of M. Tringes and F. Tringes.

The only issue is whether the Board properly excluded the two (2) absentee ballots because the electors were present in Fayette County on the date of the Primary. Section 1308(e) of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, added by Section 11 of the Act of March 6, 1951, P.L. 3, *as amended*, 25 P.S. 3146.8(e) provides:

> Upon challenge of any absentee elector, as set forth herein the local election board shall mark "challenged" on the envelope together with the reason or reasons therefor, and the same shall be set aside for return to the county board unopened pending decision by the county board and shall not be counted. All absentee ballots not challenged for any of the reasons provided herein shall be counted and included with the general return of paper ballots or voting machines....

In affirming of the Board's decision, the common pleas court in its order of July 16, 1991, found that the procedural requirements of Section 3146.8(e) were satisfied and that the failure to write "challenged" on the envelopes was a "minor irregularity." The common pleas court further held that because both voters were capable of voting in person their absentee ballots were void and the Board committed no error of law or abuse of discretion.

Pursuant to Section 3146.8(e) of the Code Marcinek contends that the challenge to the absentee votes of M. Tringes and F. Tringes should not have been sustained because the word "challenged" was never written across the face of the envelopes containing the absentee ballots, nor were the reasons for the challenge written on the envelopes.

Additionally, Marcinek contends that M. and F. Tringes filed absentee ballots because they anticipated being out of town. M. Tringes testified that he was scheduled to go to Ohio for business, however, due to an illness in his family the trip was cancelled. Notes of Testimony (N.T.), 5/28/91, at 27–29. F. Tringes testified that he believed he would be

out of town on a business trip and in any event did not return to the district until after 7:00 p.m. N.T. at 41–42. Marcinek argues that neither voter believed it was possible to vote in person after having already filed an absentee ballot. Both testified that if they voted in person, they would have voted just as they voted on the absentee ballots. N.T. at 30, 42–43.

Finally, Marcinek avers that there was no danger of M. and F. Tringes attempting to vote twice because they would have been subject to criminal sanctions and misdemeanor charges under Section 3553 of the Pennsylvania Election Code.[1] This argument ignores the requirements of the Code.[2]

1. Section 3553 provides in part:

> If any person shall sign an application for absentee ballot or declaration of electors on the forms prescribed knowing any matter declared therein to be false, or shall vote any ballot other than one properly issued to him or vote or attempt to vote more than once in any election for which an absentee ballot shall have been issued to him, or shall violate any other provisions of Article XIII of this act, he shall be guilty of a misdemeanor, and upon conviction, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000), or be imprisoned for a term not exceeding one year, or both, at the discretion of the court.
>
> 25 P.S. § 3553.

2. Section § 3146.6(b) provides in part:

> (b) in the event that any such elector, excepting an elector in military service or any elector unable to go to his polling place because of illness or physical disability, entitled to vote an official absentee ballot shall be in the county of his residence on the day for holding the primary or election for which the ballot was issued, or in the event any such elector shall have recovered from his illness or physical disability sufficiently to permit him to present himself at the proper polling place for the purpose of casting his ballot, such absentee ballot cast by such elector shall be declared void.
>
> Any such elector referred to in this subsection, who is within the county of his residence must present himself at his polling place and, shall be permitted to vote upon presenting himself at his regular polling place in the same manner as he could have voted had he not received an absentee ballot; Provided, That such elector has first presented himself to the judge of elections in his local election district and shall have signed the affidavit on the absentee voter's temporary registration card, which affidavit shall be in substantially the following form:
>
> I hereby swear that I am a qualified registered elector who has obtained an absentee ballot, however, I am present in the county of

The common pleas court ably disposed of this controversy in a comprehensive opinion authored by the Honorable Conrad B. Capuzzi. We affirm on the basis of that opinion. *In Re: Challenge to Absentee Ballots in the Election for Township Supervisor, Franklin Township, District 1, in the May 21, 1991, Primary Election,* No. 1386 of 1991 Civil Division, Opinion filed July 16, 1991.

## ORDER

AND NOW, this 3rd day of October, 1991, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is hereby affirmed.

my residence and physically able to present myself at my polling place and therefore request that my absentee ballot be voided.

(Date) (Signature of Elector)

(Local Judge of Elections)
25 P.S. § 3146.6(b)